UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE NEWSON,                                Case No. 09-10346

        Plaintiff,                             Avern Cohn
vs.                                            United States District Judge

JOHN T. STEELE, et al.,                        Michael Hluchaniuk
                                               United States Magistrate Judge
        Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING**
**ORDER AND FOR ORDER TO SHOW CAUSE (Dkt. 26)**

**I.   PROCEDURAL HISTORY**

    This is a prisoner civil rights action filed on January 29, 2009. (Dkt. 1). Plaintiff alleges that defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. This case was referred to the undersigned by District Judge Avern Cohn on February 25, 2009. (Dkt. 6). On March 30, 2009, plaintiff filed a motion for temporary restraining order and an order to show cause. (Dkt. 26). The undersigned issued an order requiring defendants to file a response. (Dkt. 31). Correctional Medical Services, Inc. (CMS) filed a response on April 14, 2009. (Dkt. 33). Defendants Caruso, Gilbert, Straub, Armstrong, Wilson, and Gardon, all employees of the Michigan Department of Corrections (the MDOC

defendants), filed a response on April 27, 2009. (Dkt. 43). Plaintiff filed replies on April 20, 2009 and May 6, 2009. (Dkt. 35, 45). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for temporary restraining order and to show cause be **DENIED**.

## II. FACTUAL BACKGROUND AND PARTIES' SUBMISSIONS

Plaintiff's 80 page complaint details his claims of deliberate indifference relating to his post-liver transplant medical care and retaliatory transfer based on his filing grievances. (Dkt. 1). Plaintiff's motion for temporary restraining order and to show cause, however, relates to his claim that persons who are not parties to this lawsuit (H. Elum and J. Cooke) retaliated against him by causing his legal writer, Philip Wayne Berryman, to be removed from the legal writer program. (Dkt. 26). According to plaintiff, Elum made it clear that she retaliated against Berryman because he is a Jewish prisoner. (Dkt. 26). According to plaintiff, Cooke made it clear that she dislikes Berryman because he is a "'Jew' that helps prisoners file lawsuits...." (Dkt. 26). Also according to plaintiff, both Elum and Cooke refused to make photocopies of plaintiff's legal pleadings in this matter and it is a custom and practice for defendants to retaliate against prisoners who file lawsuits, causing litigation delays. Plaintiff asserts that the likelihood of "winning

a final judgment on the issues of his right to access to the courts is overwhelming." As to the relief requested, plaintiff asks this Court to: reinstate Berryman as a legal writer; to issue an order for defendants to show cause why a preliminary injunction should not issue; and issue a preliminary and permanent injunction precluding defendants and others from continuing to take any retaliatory action against him. (Dkt. 26).

In response, CMS asserts that plaintiff has failed to establish any of the factors considered by the Court in determining whether a preliminary injunction should issue weigh in plaintiff's favor. CMS also asserts that plaintiff's motion for preliminary injunction does not relate to any current or future medical care issues and thus, does not appear to be aimed at CMS. (Dkt. 33).

The MDOC defendants assert that an inmate does not have a right to the legal writer of his choice; nor does an inmate have a right to be a legal writer in the program. (Dkt. 43). They also point out that, according to their inquiry, inmate Berryman was terminated from his legal writer job assignment for a "work violation" that created a "security risk." (Dkt. 43, Ex. B). The MDOC defendants also argue that plaintiff has little chance of success on the merits, as set forth in their pending dispositive motion. That is, "plaintiff asserts unexhausted claims; time-barred claims; and he seeks to impose liability on individuals who were not

involved in his medical treatment or the medical decisions challenged by him; and his claims are barred by immunities." (Dkt. 43). These defendants also argue that plaintiff has failed to show any irreparable injury in that there is no indication as to the legal pleadings plaintiff claims to have been deprived of the ability to copy or file in this matter. And, according to the MDOC defendants, to the extent that plaintiff's claim involves the actions of persons who are not parties to this suit, his motion for preliminary injunction "falls far short of demonstrating that a claim has been lost or rejected or that his presentation of such a claim is currently being prevents; as is required to demonstrate standing to assert a First Amendment access claim." (Dkt. 43, citing, *Lewis v. Casey*, 518 U.S. 343, 354-56 (1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

   In reply to CMS's response, plaintiff asserts, among other things, that his motion for temporary restraining order has nothing whatsoever to do with his medical treatment, and therefore, CMS's argument – that the issuance of a temporary restraining order would disrupt the MDOC medical program – is "ridiculous." (Dkt. 35). In reply to MDOC defendants' response, plaintiff asserts that the Court should reject their argument that Berryman was terminated for a work violation that created a security risk because they have produced no evidence regarding the nature of the work violation or the security risk posed. (Dkt. 45).

Plaintiff also asserts that without the reinstatement of Berryman, he will continue to suffer irreparable harm from defendants "just like the recent episode that plaintiff had an infection in the liver which was reported prior to March 18, 2009 and was supposed to have been seen by a Doctor before March 28, 2009, but was not seen until April 21, 2009." (Dkt. 45). Plaintiff claims that the one-month delay in seeing a physician and the facility losing the prescription to treat his infection, "almost killed" him. And, plaintiff cannot get the legal help he needs while Berryman is not working. According to plaintiff, if Berryman is not reinstated, "these people are going to KILL ME, from lack of proper medical care." (Dkt. 45).

### III. ANALYSIS AND CONCLUSIONS

The availability of preliminary injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

1. whether the movant has established a substantial likelihood or probability of success on the merits;

2. whether the movant has demonstrated a threat of irreparable harm;

> 3. whether the issuance of a preliminary injunction would cause substantial harm to others; and
>
> 4. whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

In the view of the undersigned, while plaintiff attempted to inject the issue of ongoing medical treatment in his reply to the MDOC defendants' response, his motion for temporary restraining order (like his complaint) is plainly limited to the issue of Berryman's termination as a legal writer. Notably, a prisoner has no constitutional right to prison employment or a particular prison job. *White v. Warren*, 2009 WL 276950 (E.D. Mich. 2009), citing, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *see also Lyle v. Olney*, 2005 WL 3163389 (E.D. Mich. 2005). In this regard, the undersigned questions whether plaintiff has standing to assert any claim or request any relief arising from the termination of another prisoner as a legal writer. "Even if it is assumed that the rights of other inmates

were breached by the prison policy, [plaintiff] lacked standing to assert those rights." *Holland v. Runda*, 67 F.3d 299 (6th Cir. 1995), citing, *Newsom*, at 381-82; *see also Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990) ("[I]nmates have no constitutional right to be 'jailhouse lawyers.'"). And, where a prisoner "lacks standing to assert the rights of other prisoners ... [he] has no right to the injunctive relief [he] seeks." *Clarke v. Moore*, 2006 WL 287233, *1 (E.D. Mich. 2006). Based on the foregoing, the undersigned suggests that plaintiff has no chance of succeeding on the merits of his claim for a temporary restraining order relating to the termination of Berryman as a legal writer because he lacks standing.

The undersigned further suggests that plaintiff has failed to show irreparable harm, which is required before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982). The undersigned further suggests that plaintiff has offered no basis for this Court to interfere with the operation of a correctional facility by overriding its determination that another prisoner violated work rules and created a security risk. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979) (Where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost

care and must recognize the unique nature of the prison setting.).  In this vein, the undersigned suggests that the issuance of a temporary restraining order would be against the public interests and, on balance, would cause substantial harm to the MDOC defendants by unnecessarily interfering with the operation of a prison. Based on the foregoing, the undersigned suggests that plaintiff has failed to meet his heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See e.g.*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion for temporary restraining order and to show cause be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 28, 2009                                s/Michael Hluchaniuk
                                                      Michael Hluchaniuk
                                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on <u>October 28, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Julia R. Bell, Randall A. Juip, Brian J. Richtarcik,</u> and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Maurice Newson, # 370171, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. Elm Road, Jackson, MI 49201</u>.

                                                      s/James P. Peltier
                                                      Courtroom Deputy Clerk
                                                      U.S. District Court
                                                      600 Church Street
                                                      Flint, MI 48502
                                                      (810) 341-7850
                                                      pete_peltier@mied.uscourts.gov